# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| CATHERINE HUNTER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3-09CV0062-P |
| | § | |
| DUFF & PHELPS ACQUISITIONS, LLC, | § | |
| AND DUFF &PHELPS, LLC, | § | |
| | § | |
| Defendants. | § | |
| | § | |

## DEFENDANT, DUFF & PHELPS, LLC'S
## ANSWER, SEPARATE DEFENSES AND COUNTERCLAIMS

Defendant Duff & Phelps, LLC ("Duff & Phelps" or "Defendant"), by and through its attorneys, states by way of Answer to Plaintiff Catherine Hunter's Complaint:

### AS TO THE DISCOVERY CONTROL PLAN

1. The allegations contained in paragraph 1 require a legal conclusion and, therefore, no response is necessary.

### AS TO THE PARTIES

2. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 and, therefore, they are denied.

3. Defendant admits the allegations contained in paragraph 3.

4. The allegations contained in paragraph 4 are not directed at this defendant and, therefore, no response is required.

## AS TO JURISDICTION AND VENUE

5. Except to admit that plaintiff purports to invoke the jurisdiction and venue of the District Court of Dallas County, Texas, Defendant denies the allegations contained in paragraph

## AS TO SERVICE

6. The allegations contained in paragraph 6 require a legal conclusion and, therefore, no response is necessary.

7. The allegations contained in paragraph 7 require a legal conclusion and, therefore, no response is necessary.

## AS TO THE CLAIMED FACTS

8. Except to admit that Duff & Phelps sent plaintiff an offer letter dated February 1, 2008, the content of which speaks for itself, and which plaintiff signed on February 3, 2008, Defendant denies the allegations contained in paragraph 8.

9. Defendant admits the allegations contained in paragraph 9.

10. Defendant denies the allegations contained in paragraph 10.

## AS TO THE BREACH OF CONTRACT CLAIM

11. The allegations contained in the first sentence of paragraph 11 require a legal conclusion and, therefore, no response is required. To the extent a response is required, Defendant expressly denies plaintiff's allegations. As to the remaining allegations contained in paragraph 11, Duff & Phelps repeats and realleges its responses to the allegations contained in paragraphs 1 through 10 as if fully set forth at length herein.

12. Defendant denies the allegations contained in paragraph 12.

13. Defendant denies the allegations contained in paragraph 13.

**WHEREFORE**, Duff & Phelps requests judgment in its favor dismissing the Complaint against it in its entirety, with prejudice, together with its attorneys' fees and costs of suit.

## SEPARATE DEFENSES

### FIRST SEPARATE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND SEPARATE DEFENSE

Plaintiff has waived any alleged claim she may have, which is denied, to seek relief against Defendant.

### THIRD SEPARATE DEFENSE

Plaintiff is estopped and barred by her own conduct from recovering any relief.

### FOURTH SEPARATE DEFENSE

Defendant acted lawfully, in good faith and without malice or reckless indifference to plaintiff's protected rights.

### FIFTH SEPARATE DEFENSE

Plaintiff is barred from relief due to her failure to mitigate damages.

### SIXTH SEPARATE DEFENSE

Plaintiff has failed to establish that Defendant breached any legally cognizable duty to her under any contractual agreement or otherwise.

### SEVENTH SEPARATE DEFENSE

Plaintiff's purported agreement with Defendant lacks consideration.

## COUNTERCLAIMS

Defendant, as for its Counterclaims against plaintiff, alleges as follows:

## COUNT ONE

1. Plaintiff commenced employment with Defendant on March 24, 2008.

2. Plaintiff has received the benefit of salary, health, benefits and other monies paid by Defendant in exchange for plaintiff's representation that she would produce a level of business for Defendant commensurate with her assurances and upon which Defendant relied in paying her the monies she received.

3. Despite receiving and continuing to retain the benefit of the above monies from Defendant, plaintiff failed or refused to produce a level of business for Defendant commensurate with her assurances.

4. As a result, plaintiff has been and continues to be unjustly enriched.

5. To allow plaintiff to retain the benefit of the monies paid by Defendant would be unjust.

6. By reason of the foregoing, Defendant has suffered damages in an amount to be determined at trial and seeks the relief set forth below.

**WHEREFORE**, Defendant Duff & Phelps, LLC requests judgment in its favor against plaintiff:

A. Awarding compensatory damages;

B. Awarding attorneys' fees;

C. Awarding interest and costs of suit; and

D. Awarding such other relief as the Court deems just and proper.

## COUNT TWO

7. Defendant repeats and realleges by reference its allegations contained in paragraphs 1 through 6 above as if fully set forth herein.

8. Plaintiff represented that, if Defendant afforded her a certain salary, benefits and other monies, plaintiff would produce a level of business for Defendant commensurate with her assurances.

9. These representations by plaintiff were false at the time they were made and were known by plaintiff to be false when so made, and were made with the intent to deceive Defendant.

10. Despite Defendant's reasonable reliance upon plaintiff's representations in paying the above monies to her, plaintiff failed or refused to produce a level of business for Defendant commensurate with her assurances.

11. By reason of the foregoing, Defendant has suffered damages in an amount to be determined at trial and seeks the relief set forth below.

**WHEREFORE**, Defendant Duff & Phelps, LLC requests judgment in its favor against plaintiff:

A. Awarding compensatory and punitive damages;

B. Awarding attorneys' fees;

C. Awarding interest and costs of suit; and

D. Awarding such other relief as the Court deems just and proper.

## COUNT THREE

12. Defendant repeats and realleges by reference its allegations contained in paragraphs 1 through 11 above as if fully set forth herein.

13. Plaintiff represented that, if Defendant afforded her a certain salary, benefits and other monies, plaintiff would produce a level of business for Defendant commensurate with her assurances.

14. Plaintiff's above representations were false or incorrect.

15. Despite Defendant's reasonable reliance upon plaintiff's representations in paying the above monies to her, plaintiff failed or refused to produce a level of business for Defendant commensurate with her assurances.

16. Plaintiff was negligent in making the above representations.

17. By reason of the foregoing, Defendant has suffered damages in an amount to be determined at trial and seeks the relief set forth below.

**WHEREFORE**, Defendant Duff & Phelps, LLC requests judgment in its favor against plaintiff:

A. Awarding compensatory and punitive damages;

B. Awarding attorneys' fees;

C. Awarding interest and costs of suit; and

D. Awarding such other relief as the Court deems just and proper.

D. Awarding such other relief as the Court deems just and proper.

Respectfully submitted,

By: ___/s/ Dimple Desai Shah___

Susan P. Burton
SBN: 03479350
CLARK, THOMAS & WINTERS, P.C.
P.O. Box 1148
Austin, Texas 78767-1148
512.472.8800 (phone)
512.474.1129 (Fax)

spb@ctw.com


Dimple Desai Shah
*Local Counsel Designated Pursuant to Local Rule 83.10:*
State Bar No. 24012523
5216 Westshire Lane
Dallas, Texas 75287
(972) 735-8181 (Telephone)
(972) 735-8181 (Facsimile)
dhd@ctw.com

*Attorneys for Defendant Duff & Phelps, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on January 20, 2009 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel for plaintiff, R. Rogge Dunn and Bryan C. Collins, Clouse Dunn Khoshbin, LLP, 5200 Renaissance Tower, 1201 Elm Street, Dallas, Texas, 75270.

    /s/ Dimple Desai Shah
    Dimple Desai Shah